UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZINIA EZZET BOUTROS,<br><br>                              Plaintiff,<br><br>v.<br><br>PRESIDENT BARACK OBAMA, et al.,<br><br>                            Defendants. | Case No.:  16-cv-01010-H-WVG<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

      On April 26, 2016, Plaintiff Zinia Boutros filed a complaint against Defendants President Barack Obama, President George Bush, President Bill Clinton, and First Lady Hillary Clinton. (Doc. No. 1.)  To date, Plaintiff has failed to file a proof of service showing that she has served the Defendants with the complaint and summons in this action. Accordingly, on November 2, 2016, the Court issued an order to show cause why the action should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.  (Doc. Nos. 3, 4.)  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); S.D. Cal. Civ. L.R. 41.1.a ("Actions or proceedings which have been pending in this court for more than six

months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk.  Such a dismissal must be without prejudice, unless otherwise ordered.").

On November 14, 2016, the Court held a hearing regarding the OSC.  Plaintiff Zinia Boutros proceeding pro se appeared at the hearing.  At the hearing, Plaintiff explained the methods she had used to attempt to serve the Defendants in this action, but none of the methods complied with Federal Rule of Civil Procedure 4.  See Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc., No. 09-cv-2140 PSG (JCx), 2009 WL 3346784, at *2 (C.D. Cal. Oct. 13, 2009) ("Under the federal rules, the summons must comply with Rule 4(a), and the summons and complaint must be served by a process permitted by Rule 4."); see also King v. Atiyeh, 814 F.3d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Because the Rule 4(m) deadline has passed, and the Defendants have not been properly served in this action, the Court dismisses the action. [1]  See Fed. R. Civ. P. 4(m).  Accordingly, the Court dismisses the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.

**IT IS SO ORDERED.**

DATED: November 14, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1]  The Court notes that under Federal Rule of Civil Procedure 4(m), the Court must extend the time for service of the complaint and summons for an appropriate period "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Based on the statements made by Plaintiff at the hearing and the Court's sua sponte review of the sufficiency of the allegations contained in Plaintiff's complaint, the Court concludes that Plaintiff has failed to show good cause for an extension of the time for service. See Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992) (explaining that the "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules").